By the Court. Bosworth, J.
The Supreme Court of the United States has reversed the judgment of this court. That court has sent its mandate to this court, that further proceedings be had therein, according to the opinion and judgment of that court.
The opinion of that court, according to the copy of it furnished to us, is, that “ the act of Congress not only conferred on the defendant (Kanouse) the right to remove this suit by filing his petition and bond, but it made all subsequent proceedings of the Court of Common Pleas erroneous, and necessarily required the court to which the judgment was carried by a writ of error, to inspect those proceedings which showed the judgment to be erroneous, and which could not be placed on the technical record consistently with the act which granted the right of removal.”
It is the clearly expressed opinion of that court, that the act of Congress required this court to inspect those proceedings, and to have reversed the judgment brought before it by the writ of error, for the reason that those proceedings showed it to be contrary to law and erroneous. If this court is merely to obey the mandate of the Supreme Court, and conforms its judgment to the opinion and judgment of that court, it can experience no difficulty in determining what action it is incumbent upon it to take. The only action required is a judgment *666 of this court reversing that of the Court of Common Pleas, instead of that heretofore rendered, and which is itself reversed.
It was suggested and urged on behalf of the plaintiff below, that this court will properly obey the mandate, and properly execute the powers rightfully exercisable by it on the writ of error, by quashing or dismissing the writ of error. (Davis v. Packard, 10 Wind. 50-74; 8 Peters’ U. S. R. 312-321.)
To show that such a disposition of the cause, instead of a reversal of the judgment of the Court of Common Pleas, would have been proper, our attention has been called to the following passages in the opinion of the H. S. Supreme Court:
“ It should be observed that the judgment of the Superior Court did not proceed upon any question of jurisdiction. If it had quashed the writ of error because the laws of the State of Hew York had not conferred jurisdiction to examine the case, this court could not have treated that judgment as erroneous.”
But this court had jurisdiction to examine the case. It not only had jurisdiction to examine the case, and reverse the judgment for any errors in law appearing upon the record brought before it to be reviewed, but it was the duty of the court to examine it, and reverse the judgment if such errors appeared. This court did not feel authorized to regard the proceedings brought up by the certiorari as any part of the record to be considered, and disposed of the cause as it would have done if there had been no pretence that any such proceedings had ever been had.
The Supreme Court is of the opinion that on that point this court erred. That opinion states, that “ the error of the Superior Court was therefore an error occurring in the exercise of its jurisdiction, by not giving due effect to the act of Congress under which the plaintiff in error claimed; and this error of the Superior Court in the construction of an act of Congress it is the province of this court to correct.” “ The act of Congress . . . necessarily required the court to which the judgment was carried by a writ of error, to inspect those proceedings which showed the judgment to be erroneous, and which could not be placed on the technical record consistently with the act which granted the right of removal.”
*667 This court could not have doubted its jurisdiction to examine and pass upon the effect of those proceedings upon the judgment subsequently rendered, if they had in its judgment formed part of the technical record. Nor would its action have been embarrassed by any doubts as to its jurisdiction, if it had been of the opinion that the act of Congress formed the law of the case, by which it was to determine the papers to be inspected, and on which its judgment was to be founded; and that such act required them to inspect those proceedings, and give them the effect to which they would have been entitled, if the modes of procedure in the Supreme Court of this State had made them a part of the technical record, and authorized this court to treat them as being a part of it.
In Davis v. Packard, 10 Wend. 73, the Court for the Correction of Errors adjudged, that that court had “ no jurisdiction, power, or authority to reverse a decision of the” (Supreme Court of this State) “ for any error in fact, or any other error than such as appears upon the face of the record or proceedings of the said Supreme Court, and that no other errors can be assigned or regarded as a ground of reversal of a judgment of said Supreme Court, than such as appear upon the record and proceedings of the said Supreme Court, and which relate to questions which have actually been brought before the justices of that court for their decision thereon, by a plea to the jurisdiction of that court or otherwise.”
The fact on which a reversal was sought in the Court for the Correction of Errors, was one, the existence of which had not been asserted by plea, nor offered to be proved in the Supreme Court. There had been no proceeding in any stage of the cause in the Supreme Court, in which it had been suggested that Davis was consul-general of the King of Saxony.
The Supreme Court of the United States, when that case, and the proceedings had in the Court for the Correction of Errors, were subsequently brought before it, said, that “if the jurisdiction of the Court for the Correction of Errors does not, according to the laws by which the judicial system of Kew York is organized, enable that court to notice errors in fact in the proceedings in the Supreme Court, not apparent in the face of the record, it. is difficult to perceive how that court could *668 conform its judgment to that of this court, otherwise than by quashing its writ of error to the Supreme Court.”
Those remarks have no application to such a case as this.
It was erroneous in the Common Pleas to proceed in the action and render judgment, after the proceedings that had been had in the cause to remove it to the Circuit Court of the United States; and if that was an error requiring the judgment to be reversed, this-court had jurisdiction on the writ of error to examine the case, and pronounce a judgment of reversal, if the error had appeared upon an inspection of the only proceedings, which its own view of the practice of the court authorized it to regard as, in contemplation of law, existing and before it.
The proceedings which showed the error had occurred in the cause, and were in fact before the court. The Supreme Court of the United States is of the opinion, that by force of the act of Congress they were properly before it, in such sense, that that act required it to inspect them, and render such judgment as was required to correct the error committed by the judgment brought up by the writ of error.
Our view of the duty imposed upon this court by the opinion and judgment of the Supreme Court is clear. We must conform our judgment, which has been reversed, to the opinion and judgment of the Supreme Court of the United States, by reversing the judgment of the Court of Common Pleas. Judgment will be entered accordingly.